**CHANNEL ONE SYSTEMS, INC., Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and the United States of America, Respondents.**

**No. 88–1100.**

United States Court of Appeals, District of Columbia Circuit.

June 14, 1988.

Christopher D. Imlay, Washington, D.C., for petitioner.

Daniel M. Armstrong, Associate Gen. Counsel, and Gregory M. Christopher, Counsel, F.C.C., Washington, D.C., were on the respondents' motion to dismiss. Laura Heiser, Dept. of Justice, Washington, D.C., also entered an appearance for respondents.

On Motion to Dismiss

Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.

PER CURIAM:

This case is before the court on respondent Federal Communications Commission's ("FCC") motion to dismiss as untimely the petition for review by Channel One Systems, Inc. ("Channel One"). The contested issue is whether the 60–day filing period, which begins at 3 p.m. on the date public notice is given, terminates at 3 p.m. on the 61st day, or, on the 60th day. The parties agree that the order was released on December 10, 1987, public notice was given on December 11, and the first day to be counted for computing the filing period was December 12. *See* 47 U.S.C. § 405 (1982); 47 C.F.R. § 1.4(b)(2) (1987) (as modified); *see also Western Union Telegraph Co. v. FCC*, 773 F.2d 375, 376–77 (D.C.Cir. 1985). Channel One filed its petition on February 10, the 61st day, and argues that a 60–day filing period beginning at 3 p.m. should end on the 61st day at 3 p.m., to allow a full 60–day period, rather than 59 days plus a few hours. The FCC disagrees.

This circuit has not ruled on the regulation in question, 47 C.F.R. § 1.4(b)(2), but we take this opportunity to do so. The guidance afforded us in similar cases and the FCC's new regulation indicates that the 60th day, not the 61st day at 3 p.m., is the last day on which a petition may be filed. First, this circuit has determined that a 30–day filing period, prescribed under this same FCC statutory scheme, ends on the 30th day, rather than at 3 p.m. on the 31st day. *See Reuters Limited v. FCC*, 781 F.2d 946, 952 (D.C.Cir.1986); *National Black Media Coalition v. FCC*, 760 F.2d 1297, 1299 n. 2 (D.C.Cir.1985).

Second, the FCC issued on December 15, 1987, a Report and Order and new Final Rule to explain more fully the time computation provision of 47 C.F.R. § 1.4. This rule was available to Channel One well before the filing deadline. In Example 10 of the new rule, the FCC clarifies that when given a 20–day filing period, under section 1.4(b) the 20th day is the terminal date upon which action must be taken.

Applying this construction of the regulation, we conclude that Channel One's petition was untimely and must be dismissed. Filing within the time limitations is a jurisdictional prerequisite; accordingly, we have no authority to entertain this petition for review. *See, e.g., National Black Media Coalition v. FCC*, 760 F.2d at 1298; *Geller v. FCC*, 610 F.2d 973, 977 (D.C.Cir. 1979) (per curiam).